# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SYL JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CYPRESS HILL et. al., )<br>)<br>Defendants. ) | No. 03 C 9452 |
| GLENN WATTS and JIMMY JONES )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CYPRESS HILL, et. al., )<br>)<br>Defendants. ) | No. 06 C 3348<br><br>Honorable Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendants' Motion for Summary Judgment. The motion was brought on behalf of the following Defendants: Cypress Hill; Lawrence Muggerud; Senen Reyes; Louis Freese; BMG Songs, a division of BMG Music Publishing NA, Inc., f/k/a/ BMG Songs, Inc.; Cypress Phunky Music, Universal Music Corp., d/b/a Universal – MCA Publishing, f/k/a MCA Music Publishing; Soul Assassins Music; and Sony BMG Music Entertainment as successor in interest to Sony Music Entertainment, Inc. (collectively, "Defendants"). Through this motion, Defendants request a declaration that Plaintiff Syl Johnson's ("Johnson"), Glenn Watts's ("Watts") and Jimmy Jones's ("Jones") (collectively, "Plaintiffs") claims for copyright infringement are invalid as a matter of law. For the following reasons, the motion is denied in

part, as the Court reserves ruling on the motion with regard to Plaintiff Syl Johnson in case No. 03 C 9452.

## BACKGROUND

### A. FACTS

The Plaintiffs in this case are songwriters, producers and musicians. In 1968 Plaintiffs wrote a musical work entitled, "Is It Because I'm Black." Plaintiffs Johnson and Jones performed and recorded "Is It Because I'm Black" in 1969. That same year, Twinight Records, Inc. ("Twinight") released the song as a 45-rpm single under its self-titled recording label. Over the years, several versions of the song "Is It Because I'm Black" have been recorded. At the root of this action, however, is the Defendants' sampling of the 1969 version of "Is It Because I'm Black."

#### *1. Plaintiffs' Copyright Registration*

Around the time of the song's release in 1969, Plaintiffs Johnson and Watts allegedly obtained a lead sheet and completed a copyright application for the United States Copyright Office ("Copyright Office"). In doing so they intended to register a copyright for their song "Is It Because I'm Black." The parties disagree as to whether Johnson and Watts actually mailed the completed application to the Copyright Office. As it turned out, Plaintiffs determined later that the Copyright Office had no record of a 1969 copyright registration for Plaintiffs' song.

On February 14, 1997 Johnson filed with the Copyright Office a Form SR copyright registration[1] on a collection of songs that he put on a cassette tape. The registration form number for the cassette tape and the collection of songs is SRU-360-891. In the registration Johnson

---

[1] "Form SR" is used to register works that the Copyright Office designates as "Sound Recordings," which are works that result from fixation of a series of musical, spoken or other sounds, but no audiovisual work. Sound Recordings are "neither the same as, nor a substitute for, registration for the musical dramatic, or literary work recorded." See United States Copyright Office, Sound Recordings, at http://www.copyright.gov/register/sound.html (last visited on April 22, 2008).

claimed ownership of every song in the collection, which allegedly contained the 1969 version of "Is It Because I'm Black," although Defendants contend that registration form SRU-360-891 for the cassette tape does not list "Is It Because I'm Black" as one of the songs.

On June 24, 2003 Watts filed a Form PA copyright registration[2] on the words and music of "Is It Because I'm Black," listing Johnson and Jones as co-authors of the song. Along with the Form PA, Watts submitted to the Copyright Office a compact disc ("CD") with a recording of "Is It Because I'm Black." The Copyright Office assigned to the CD registration number 1-192-702. In the registration Watts lists the date of publication for the CD as January 1, 1978. Plaintiffs assert that despite the 1978 publication date, the version contained on the CD is the 1969 version of "Is It Because I'm Black." Defendants maintain that the Plaintiffs failed to produce a copy of the CD that Watts filed, and thus it is unknown which version of "Is It Because I'm Black" the CD contains.

### 2. *Defendants' Alleged Copyright Infringement*

In 1993 the musical group Cypress Hill, known for their hip-hop and rap music, released an album entitled, "Black Sunday." "Black Sunday" was comprised of 14 musical tracks, including a track called, "Interlude," which concerns us here. While composing "Interlude," one of Cypress Hill's lead members, Lawrence Muggerud, recorded and electronically "looped" a sample of the song "Is It Because I'm Black" on the "Interlude" track. Cypress Hill, admittedly and for unknown reasons, failed to obtain from Plaintiffs permission to use the 1969 "Is It Because I'm Black" sample.

---

[2] "Form PA" is used to register what the Copyright Office designates as a "Performing Arts Work," which is intended to be performed directly before an audience or indirectly by means of any device or process. These may include musical works, scripts and dramatic works, pantomimes and choreographic works and motion pictures. Registering a Performing Arts work, however, "is not the same as registering a sound recording." See United States Copyright Office, Perform Arts Works, at http://www.copyright.gov/register/performing.html (last visited April 22, 2008).

3

Johnson testified that, in 2003, after Cypress Hill released its "Black Sunday" album, he learned from an industry insider that Cypress Hill used a sample of "Is It Because I'm Black" in the musical track, "Interlude." Johnson contacted Watts sometime in 2003 regarding Cypress Hill's unauthorized use of the sample. Watts disputes that he became aware of Defendants' infringement in April 2003. Watts nevertheless contacted the Copyright Office, by telephone and a letter dated April 23, 2003, to determine the status of Plaintiffs' purported 1969 registration. The Copyright Office informed Watts that no record of the 1969 registration existed for "Is It Because I'm Black." Watts then registered the song on behalf of all three Plaintiffs as outlined above.

Jones apparently was out of touch with the music business for several years. In February 2007 Johnson contacted Jones regarding Cypress Hill's use of the sample. Thereafter, Jones joined Watts' suit as an additional plaintiff.

## B. PROCEDURAL HISTORY

On December 31, 2003 Johnson filed *pro se* his complaint against Cypress Hill, Sony Music and others alleging that the defendants, from time to time since 1993, infringed the copyright of "Is It Because I'm Black," allegedly registered as copyright 93704915. On April 23, 2004 Johnson filed an Amended Complaint with similar allegations. But this time Johnson deleted any reference to copyright 93704915, and instead claimed an infringement of SRU-360-891 – the 1997 copyright registration for Johnson's cassette tape.

Watts filed his own suit against Cypress Hill and others on June 20, 2006, alleging similarly an infringement of copyright SRU-360-891 and also the song composition copyright he filed in 2003 under registration number PA 1-192-702. Watts filed a Second Amended Complaint reflecting Jones as an additional plaintiff on May 22, 2007. The Second Amended

4

Complaint deleted reference to SRU-360-891 and alleged an infringement of only copyright PA 1-192-702, which Watts registered in 2003.

Defendants' moved for summary judgment in both cases on three familiar grounds. First, Defendants assert that Plaintiffs' claims for infringement are barred because Plaintiffs cannot establish the registration and copyright for "Is It Because I'm Black." Second, Defendants maintain that Watts's and Jones's claims are time-barred because they had knowledge of the infringement claim more than three years before filing their complaint. Third, Defendants claim that Plaintiffs' suit for copyright infringement is barred because they failed to file a "Notice of Use" pursuant to the Copyright Act of 1909. The Court will address, in turn, each of these contentions with regard to Plaintiffs Watts and Jones. Again, the Court shall reserve ruling on Defendants' motion with regard to Plaintiff Johnson.

## DISCUSSION

### A. STANDARD OF DECISION

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

5

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## B. REGISTRATION OF COPYRIGHT

Defendants first attack the validity of Plaintiffs' copyright registration. Here they argue that this Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs have not established that they registered the 1969 version of "Is It Because I'm Black" with the Copyright Office. In support, Defendants point out that the copyright registrations referred to in each of Plaintiffs' two complaints are either invalid or unsupported by the evidence. In this way, Defendants maintain that Plaintiffs failed to meet their burden of proving that they owned a valid copyright in the material alleged to be infringed.

A party suing for copyright infringement "must show ownership of a valid copyright and the defendant's infringement by unauthorized copying." Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2d Cir. 1992). A presumption of copyright validity exists where a plaintiff offers a certificate of registration made before or within five years after the work's first publication.

6

See 17 U.S.C. § 410(c); Tuff 'N' Rumble Mgmt. v. Profile Records, Inc., No. 95 C 0246, 1997 WL 158364, at *2 (S.D.N.Y. Apr. 2, 1997). Otherwise, if the certificate of registration indicates that the date of first publication occurred outside of this five-year window, the work falls outside the statutory presumption of 17 U.S.C. § 410(c) and the plaintiff has the burden of proving the validity of its copyright. Id. (citing Sem-Torq, Inc. v. K-Mart Corp., 936 F.2d 851, 854 (6th Cir. 1991)); Dollcraft Indus., Ltd. v. Well-Made Toy Mfg. Co., 479 F.Supp. 1105, 1114 (E.D.N.Y. 1978). Absent intent to defraud and prejudice, inaccuracies in copyright registrations do not bar actions for infringement. Harris v. Emus Records Corp., 734 F.2d 1329, 1336 (9th Cir. 1984).

There is no dispute that Watts and Jones have the burden of proving that they owned a valid copyright in the song "Is It Because I'm Black." To do so, Watts and Jones maintain that the copyright application for "Is It Because I'm Black" filed in 2003 lists the first distribution date for the song as January 1, 1978, which places the song under the protection of the 1976 Copyright Act. They further assert that Watts obtained a registration of the copyright on the 1969 version of "Is It Because I'm Black" on June 24, 2003. Moreover, Watts and Jones produced an internet printout from the Copyright Office that reflects Watts' 2003 registration. This appears to be enough to infer a valid copyright registration.

In response, Defendants do not attack the registration itself. Rather, Defendants point out that Watts did not produce a copy of either the copyright certificate, or of the CD that he deposited with the Copyright Office. Watts, on the other hand, only produced a summary of the registration that he obtained from the Copyright Office's website. As such, Defendants maintain that Plaintiffs cannot sue for infringement because we have no way of knowing what version of the song was actually registered, or whether the version that Watts did register was the same version that the Defendants infringed upon.

Defendants do not dispute the information contained in Watts's internet printout, but merely assert that the printout is not enough to prove that a valid registration exists, without a copy of the registration certificate itself or a copy of the CD that contains the protected song. We disagree. By this submission, coupled with Watts's testimony regarding the 2003 registration, we find that Watts and Jones have presented enough evidence from which a reasonable jury could find that a valid registration exists. We are not persuaded that an actual copyright certificate does not exist simply because Watts and Jones did not produce it here. Indeed, the internet printout from the Copyright Office corroborates many of the assertions put forth by Watts and Jones throughout their pleadings. In turn, there may be enough to infer a valid and enforceable copyright for the 1969 version of "Is It Because I'm Black." But this is for the jury to decide.

## C. STATUTE OF LIMITATIONS FOR COPYRIGHT INFRINGEMENT

For their next argument, Defendants maintain that Watts's and Jones's claims for copyright infringement are barred because they either knew or should have known the existence of the infringement more than three years prior to filing suit. The Copyright Act provides that a party cannot maintain an action for copyright infringement unless it is commenced within three years after the claim accrued. 17 U.S.C.A. § 507(b) (West 1998). The limitations period begins to run when a reasonable person in the plaintiff's position would have discovered the infringement. Reinke & Assoc. Architects Inc. v. Cluxton, No. 02 C 0725, 2002 WL 31817982, at *1 (N.D. Ill. Dec. 16, 2002) (endorsing Taylor v. Meirick, 712 F.2d 1112, 1118 (7th Cir. 1983)). In this case, Watts contacted the Copyright Office in April 2003 regarding the registration of "Is It Because I'm Black." He did not file his complaint, however, until June 20, 2006. Based on this, Defendants maintain that Watts had actual knowledge of the infringement

in April 2003, which was more than three years prior to the date he filed the complaint. But, the facts surrounding Watts's communication with the Copyright Office in April 2003 are not as clear cut as the Defendants make them out to be. Indeed, Watts's deposition testimony and other assertions cloud the issue as to when, exactly, Watts had actual knowledge of the copyright infringement of "Is It Because I'm Black."

For instance, at his deposition, Watts testified that he contacted the Copyright Office in April 2003 because he "never had a copy, never saw a copy, never got a copy of the copyright for 'Is It Because I'm Black.'" Watts Dep., Def.'s Rule 56.1 Statement, Ex. 6 at 61. He did not indicate that he had knowledge of the infringement. Later on in the deposition, Watts answered "Yes" to a leading question as to whether his learning of the Cypress Hill track prompted him to contact the Copyright Office in April 2003. Id. at 68. But this was not Watts's complete testimony, as Defendants would have us believe. In the same answer, Watts again stated that he contacted the Copyright Office "[b]ecause [he] didn't have a copy of the copyright, and [he] was asking Mr. Johnson for a copy of the copyright and he said he would search for it, [...]." Watts did not openly assert as one of his reasons for contacting the Copyright Office in April 2003 that he knew of Defendants' infringing conduct. These statements, despite Defendants' characterizations, do not conclusively establish either that Watts had actual knowledge of Cypress Hill's infringement, or that Johnson told Watts of Cypress Hill's infringement in April 2003. Watts's statements, on the other hand, are contradictory. As such, given the uncertainty in Watts's deposition testimony, we cannot say for certain that the limitations period expired by June 20, 2006, when Watts filed his initial complaint.

Moreover, looking beyond Watts's deposition testimony, Watts directly refutes that he had knowledge of Cypress Hill's infringement in April 2003. To be sure, in his response to

9

Defendants Rule 56.1 statement, Watts claims that he did not testify that he was aware of Defendants' infringement in April 2003. See Resp. at ¶¶ 29-30. This, when coupled with Watts's deposition testimony, is enough to raise a factual issue as to when Watts acquired knowledge of Defendants' infringement. There is certainly enough evidence for a reasonable jury to draw an inference in favor of either party, and thus it is not within the purview of this Court to decide the issue as a matter of law. E.g., Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996) ("On summary judgment, a court can neither make a credibility determination nor choose between competing inferences. Rather, these are functions for a jury.").

As to Plaintiff Jones, Defendants maintain that he should have discovered his claim by April 2003 or earlier. To back this up, Defendants point out that Jones "cut all ties to the music business and lost interest in the songs he had written or recorded" because of his various personal problems. Def.'s Memo. at 12. Defendants thus assert that Jones failed to fulfill his duty of diligence to discover the infringement in April 2003, as his passive stance guaranteed he would never discover the cause of action. We find this argument unavailing.

Other than Jones's personal hardships, the Defendants fail to disclose any evidence from which to infer that Jones buried his head in the sand and ignored the possibility that third-parties were infringing his musical compositions. Yet, given the evidence before the Court, this question is best suited for a jury.

### D. FILING A NOTICE OF USE

For their final argument, Defendants assert that the Plaintiffs were required to, but did not, file a Notice of Use upon the first recording of "Is It Because I'm Black" in 1969. We are faced, then, with the issue of whether a failure to file a Notice of Use pursuant to the 1909

Copyright Act barred Plaintiffs' claims for copyright infringement, where the infringement occurred after Congress enacted the 1976 Copyright Act. We find that it did not.

The 1909 Copyright Act required the owners of a musical composition to file a "notice" with the Copyright Office of his or her use of the musical composition for recording or licensing to third parties. See 17 U.S.C. § 1(e). This provision was designed to notify all other persons that a musical composition had become available for mechanical reproduction. Norbay Music, Inc. v. King Records, Inc., 290 F.2d 617, 619 (2d Cir. 1961). This was commonly referred to as the "Notice of Use" requirement. Under the 1909 version of the Copyright Act, a failure to file a Notice of Use was particularly damaging for a composer, as it effectively put their musical composition in the public domain. Rosette v. Rainbo Record Mfg., 354 F. Supp. 1183, 1192 (S.D.N.Y. 1973). Indeed, the 1909 Copyright Act provided that "any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright." Lottie Joplin Thomas Trust v. Crown Publishers, Inc., 592 F.2d 651, 656 n.6 (2d Cir. 1978) (citing the Copyright Act).

But all of this changed in 1978. Congress amended the Copyright Act in 1976 – effective January 1, 1978 – to substitute a single, federal system of copyright enforcement in place of the "anachronistic, uncertain" dual system that the 1909 Act imposed. Copyright Act of 1976, H.R. REP. NO. 94-1476, at 129 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746. The 1976 version of the Copyright Act superseded the 1909 version in many respects. As it turned out, Congress deleted the Notice of Use requirement from the 1976 Act. As such, we must determine how to implement this congressional change. We note, initially, that whether the 1976 amendment excuses the failure to file a Notice of Use for infringements taking place after 1978 is a matter of first impression for this Court.

Clutching to the 1909 Act's strict language, the Defendants argue that the 1976 Act did not supersede the Notice of Use requirement for musical works created before January 1, 1978. Under this theory, the Notice of Use requirement remains in full force for works created before 1978, which would obviously include the Plaintiffs' 1969 version of "Is It Because I'm Black." While we agree with the Defendants that the 1976 Act did not wholly supersede the 1909 Act, we nevertheless decline to adopt their theory regarding the Notice of Use requirement.

The Ninth Circuit specifically addressed this issue in Harris v. Emus Records Corp. In Harris, the plaintiff filed a claim in 1979 for copyright infringement against several defendants for their unauthorized distribution of an album the plaintiff recorded in 1968. 732 F.2d at 1332. One of the many defenses put forth was that the plaintiffs were barred from bringing the infringement claim because they failed to a file a Notice of Use under the 1909 Act. Id. at 1335. The court promptly rejected this contention, however, noting that the infringing acts took place after the passage of the 1976 Act, which deleted from the statute the Notice of Use requirement. Id. at 1336. In this light, the court saw no reason to uphold the proposition that a failure to file under the 1909 Act should bar relief under the 1976 Act, where the infringing conduct took place after the 1976 Act's inception. Id.

We find the Harris decision persuasive and, although it is non-binding, we shall adopt its reasoning here. See, e.g., Lee v. Deck the Walls, Inc., 925 F. Supp. 576, 581 (N.D. Ill. 1996) (Norgle, J., finding persuasive, while non-binding, a ruling by the U.S. Copyright Office). The parties do not dispute that Cypress Hill sampled the 1969 version of "Is It Because I'm Black" on an album released in 1993. From this we can infer that any infringement took place in 1993 and thereafter. And, although Plaintiffs recorded "Is It Because I'm Black" when the 1909 Act was in force, the Notice of Use requirement was deleted from the statute by the time any

infringement of the song transpired. We therefore find that Plaintiffs' failure to file a Notice of Use under the largely superseded 1909 Act did not bar their claim for copyright infringement against the Defendants, who admittedly infringed upon Plaintiffs' recording after the 1976 Act took effect.

### III. CONCLUSION

For the foregoing reasons, Defendants' – Cypress Hill; Lawrence Muggerud; Senen Reyes; Louis Freese; BMG Songs, a division of BMG Music Publishing NA, Inc., f/k/a/ BMG Songs, Inc.; Cypress Phunky Music, Universal Music Corp., d/b/a Universal – MCA Publishing, f/k/a MCA Music Publishing; Soul Assassins Music; and Sony BMG Music Entertainment as successor in interest to Sony Music Entertainment, Inc. – motion for summary judgment is denied in part, and in favor of Plaintiffs Glenn Watts and Jimmy Jones.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4/28/08